IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| LESLIE McCLUNG | § | |
| v. | § | CIVIL ACTION NO. 2:13-cv-00143 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |
| | § | |

MEMORANDUM OPINION AND ORDER ON
PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT

On February 19, 2013, Plaintiff initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying his application for Social Security benefits. Having ultimately prevailed in the District Court, Plaintiff now seeks Attorney Fees under the Equal Access to Justice Act.

*Background*

On September 23, 2014, the District Court issued a Memorandum Opinion stating that this Social Security action should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) of the Social Security Act. Plaintiff now appears before the Court with a Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA")(docket entry # 22). Based on the supporting arguments and the Court's sentence four remand, Plaintiff asserts that he

is the prevailing party for purposes of the EAJA and seeks payment for 24.4 hours of attorney work, 2.4 hours of paralegal work, and expenses totaling $12.22, for an aggregate attorney fee of $4,783.44. The Commissioner has responded to Plaintiff's Motion, and opposes amount of attorney fees Plaintiff requests.

## *Discussion*

The "dual purpose" of the EAJA is "to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers" *Baker v. Bowen,* 839 F.2d 1075, 1083 (5th Cir.), *reh'g denied*, 848 F.2d 66 (5th Cir. 1988). Eligibility for a fee award under the EAJA requires, at a minimum, that the claimant be a prevailing party; that the Government's position was not substantially justified; that no special circumstances make an award unjust; and that any fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *Comm'r INS v. Jean,* 496 U.S. 154, 158 (1990); *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (also noting the requirement that the claimant must "incur" attorney's fees); 28 U.S.C. § 2412(d)(1)(A), (B). A "final judgment" is a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G).

With regard to the amount of fees, 28 U.S.C. § 2412(d)(2)(A) states:

(A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (I) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

A remand accomplished pursuant to the fourth sentence of 42 U.S.C. § 405(g) renders the claimant a prevailing party regardless of whether the claimant is successful in obtaining benefits on remand. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

**No Special Circumstances Render an Award "Unjust"**

The Commissioner has not suggested, much less demonstrated, special circumstances that would render an award unjust. Further, Plaintiff's motion was timely filed after the judgment became final. The motion was filed with an itemized account. *See* Motion for Attorney Fees (attachment)(docket entry #22); *Murkeldove*, 635 F.3d at 791.

**The Hourly Fee is Warranted**

The EAJA statutory hourly attorney fee rate is $125.00 per hour, as set in 1996. The hourly attorney fee sought by Plaintiff exceeds $125.00 per hour, requiring a finding that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Counsel argues that the Court should adjust this rate based on a number of considerations. These considerations include changes in the cost of living and the fact that few attorneys in the Tyler Division of the Eastern District of Texas regularly represent clients in Social Security appeals. These arguments justify an increased rate based on cost of living in order to ensure an adequate source of representation. *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988).

Counsel calculates the cost of living changes based on the Consumer Price Index for the month in which the services were rendered, rather than using an average for the year. Counsel submitted an itemized request for attorneys fees documenting .4 hours in February 2013 (rate of $185.26), .1 hours in March 2013 (rate of $185.88), .6 hours in July 2013 (rate of $186.64), 15.7 hours in August 2013 (rate of $186.88), 1.6 hours in September 2013 (rate of $186.90), 1.7 hours

3

in October 2013(rate of $186.54), 1.6 hours in September 2013 (rate of $186.90), 1.7 hours in October 2013 (rate of $186.54), 1.1 hours in September 2014 (rate of $190.09), 1.3 hours in December 2014 (rate of $188.52), and 1.9 hours in January 2015 (rate of $188.52). Counsel also documents 2.4 hours of paralegal work, billed at $85.00 per hour, and expenses totaling $12.22. These amounts represent a total attorney's fees request of $4,783.44.

The Commissioner objects to this calculation of the hourly fees used by counsel to determine the attorney fee award. The Commissioner argues that the CPI index for the year should be utilized, rather than calculating it month by month.

This Court addressed the issue of the calculation of the hourly fee in *Chargois v. Barnhart*, 454 F.Supp.2d 631, 635-36 (E.D.Tex. 2006). This Court concluded that monthly adjustments are permissible because (1) there was no authority directly rejecting this means of calculation; (2) neither the Equal Access to Justice Act nor its legislative history explicitly or implicitly say that cost of living adjustments must or should be based only on annual data; (3) the proposed method, although more complicated, does no violence to Congressional intent to provide an allowance for cost of living fees under the EAJA, (4) the method of calculation is consistent with circuit precedent requiring that cost of living adjustments under the EAJA be made to reflect the appropriate rate "when services were rendered;" (5) the method is more mathematically precise than calculations based on annual index figures, and (6) the method is fair and even-handed because monthly calculations, if consistently applied, are just as likely to produce a lower fee as a higher fee depending on whether the index level for a given month falls below or above the annual index level.

The Court concluded that in the exercise of its discretion, it could accept or reject the proposed method of calculating the cost of living adjustment on a monthly rather than an annual

4

basis. *See also Allsbury v. Barnhart*, 473 F.Supp. 2d. 732, 735 (E.D.Tex. 2007). The Court accepts Plaintiff's method of calculating the cost of living adjustment on a monthly basis.

Plaintiff has presented an adequate basis for seeking an hourly rate in excess of $125.00; further, the rate is consistent with recent hourly rates awarded for attorney fees in similar cases predicated increases in the cost of living as reflected by the Consumer Price Index. See, *e.g.*, *Brown v. Commissioner, Soc. Sec. Admin.*, 6:10cv637. The Court finds the requested rate reasonable.

**Compensation for Motion Work**

The Commissioner also objects to Counsel's request for compensation to prepare a motion for extension of time to file the initial and reply briefs, respectively. *See* Commissioner's Response (docket entry #23) at 2.

The Commissioner argues that these motions did not advance the claimant's case and that arguably, an award of attorney's fees would "actually reward an attorney for not meeting the court's original deadlines," *citing Prak v. Chater*, 908 F.Supp. 555, 557 (N.D.Ill. 1995). The Commissioner suggests that the time spent preparing the extensions should be excised completely from the fee award. Movant states that time spent preparing motions for extensions of time is compensable

In *Costa v. Colvin*, 2013 WL 5944190 (D.Ore., November 3, 2013)(No. 3:10cv786), the district court rejected the Commissioner's challenge to the plaintiff's request for fees for time spent on two motions for extension of time, one motion to the Ninth Circuit for submission on the briefs, and for a memorandum regarding case strategy in communication with post-remand counsel. The district court observed that "motions for extension of time are common in social security cases, at least at the district court level," and that all of these expenses claimed by counsel were reasonable. In *Ittel v. Colvin*, 2014 WL 4905638 (N.D.Ind. Sep 30, 2014) (No. 2:12-CV-096), the Court noted that extensions of time are "commonplace in this type of work" and approved the request for fees.

5

The Court is aware that counsel is one of a relatively small number of attorneys in the Eastern District of Texas whose practice largely centers around Social Security appeals, and that she maintains a high caseload. Under the circumstances set forth, the Court has concluded that counsel's request for fees for the motions to extend time is reasonable.

In the interest of ensuring adequate representation for those who need it and to minimize the cost of that representation to taxpayers, the Court concludes that Plaintiff's Motion for Attorney Fees (docket # 22) should be granted in part. The Court finds that counsel should be paid for 24.4 attorney hours, 2.4 hours for paralegal work (85.00 an hour for a total of $204.00), and $12.22 in expenses.

The Court notes, as does the Commissioner, that attorney fees under the EAJA are properly payable to the party-litigant, not directly to the attorney. *See Astrue v. Ratliff*, - - - U.S. - - -, 130 S. Ct. 2521, 2524, - - - L. Ed. 2d - - - (2010). In part, that is so to make fee payments subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States. *Id*. Therefore, Plaintiff, not Plaintiff's counsel, should be paid for the attorney work in connection with this case. Plaintiff's payment of fees owed his attorney are a matter of the retainer agreement between them.

After due consideration, in light of the foregoing, it is hereby

**ORDERED** that Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (docket # 22) is **GRANTED**. The Commissioner is hereby **ORDERED** to pay Plaintiff for fees incurred totaling $4,783.44 pursuant to the EAJA, 28 U.S.C. § 2412(d).

**SIGNED this 11th day of May, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE